IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| REEM DARWISH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| AMTRAK, CHICAGO UNION STATION | ) | |
| COMPANY, NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

NOW COMES Defendant NATIONAL RAILROAD PASSENGER CORPORATION

("Amtrak") by undersigned counsel, and files this Notice of Removal pursuant to 28 U.S.C. §

1446.  In support of this Notice, Defendant states as follows:

1.      On June 13, 2019, Plaintiff filed her original complaint in the Circuit Court of

Cook County, Illinois.  Following service, Amtrak removed the matter to this Court on August

19, 2019, where it was assigned to the Honorable Gary Feinerman under Court No. 19 C 5556.

Eighteen months later, on February 25, 2021, the Court granted Plaintiff's motion to voluntarily

dismiss the lawsuit without prejudice, with leave to refile, subject to several conditions.

2.      On February 25, 2022, Plaintiff re-filed her Complaint in the Circuit Court of

Cook County, Illinois. In this refiled Complaint, Plaintiff claims to have been injured on June 18,

2018, when a door closed on her hand as she was entered Chicago Union Station.  (See

Complaint attached hereto as Exhibit A.)

3.      This Notice of Removal is being filed with this Court within thirty (30) days from

the earliest date when the defendant had notice of and was in receipt of the complaint.

Defendant Amtrak has not been formally served, but became aware of the refiled complaint on or about February 28, 2022.

4.      Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.  Pursuant to § 1349, the district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless the United States is the owner of more than one-half of its capital stock.*" (Emphasis added).

Said otherwise, the district courts shall have original jurisdiction of civil actions against a corporation where the United States owns more than one-half of the capital stock.  See, e.g., *Osborne v. Bank of the United States*, 22 U.S. (9 Wheat) 738 (1824) (since the Bank of the United States was created by an Act of Congress any suit to which the bank was a party was a suit arising out of the laws of the United States); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885) (suits involving federally chartered corporations, even ones that were privately owned, created federal questions and were within original jurisdiction of district courts); *see also* 13B C. Wright, A. Miller, & E. Cooper, FEDERAL PRACTICE AND PROCEDURE, sec. 3571, at 176-178 (2d Ed. 1984) ("Thus there is federal jurisdiction without more of an action by or against a corporation if the United States owns more than half of the capital stock of the corporation.") (and cases cited therein).

5.      Amtrak was created by an Act of Congress (45 U.S.C. § 501 *et seq.*), and was incorporated pursuant to 45 U.S.C. §§ 541 and 542, now codified under 49 U.S.C. §§ 24301, *et seq.*.  Additionally, the United States is the owner of more than one-half of Amtrak's capital stock.

6.      Because the United States is the owner of more than one-half of Amtrak's capital stock, under the case law and authorities cited, this Court has original jurisdiction of this matter. *Adkins v. Illinois Central Railroad* Co., 326 F.3d 828, 848 (7th Cir. 2003); *Estate of Wright v. Illinois Central Railroad*, 831 F. Supp. 574 (S.D. Miss. 1993) (National Railroad Passenger Corporation was subject to federal question jurisdiction under §§ 1331 and 1349). See also *In Re Rail Collision Near Chase, Maryland on January 4, 1987 Litigation*, 680 F. Supp. 728 (D. Md. 1987).

7.      This cause does not arise under the worker's compensation laws of any state and is not brought under 45 U.S.C. §§ 51-60 or 49 U.S.C. § 11707 against a common carrier, railroad or their receivers of trustees. Therefore, this cause is removable to this Court pursuant to 28 U.S.C. § 1441(a).

8.      This Notice of Removal is filed on behalf of the National Railroad Passenger Corporation, which is also known by its registered servicemark, Amtrak. Defendant Chicago Union Station Company was no longer an existing corporation on the date of the claimed incident having been merged into National Railroad Passenger Corporation, is also represented by undersigned counsel and consents to the removal.

9.      Further, in accordance with 28 U.S.C. § 1446(d), undersigned counsel has given written notice of the filing of this Notice of Removal and the attached exhibits to Plaintiff Reem Darwish, by email at reemdarwishjd@gmail.com, and by federal express, next morning delivery, at 1 Westbrook Corporate Center, Suite 300, Westchester, IL 60154. In further compliance with § 1446(d), on this same date, Defendant National Railroad Passenger Corporation will file with the clerk of the Circuit Court of Cook County a copy of this Notice of Removal.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION files this Notice of Removal so that the entire state court action under Court No. 22 L 1900 now pending in the Circuit Court of Cook County, Illinois, be removed to this Court for all further proceedings.

NATIONAL RAILROAD PASSENGER
CORPORATION

By:   /s/   Susan K. Laing
                 One of its attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
150 South Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 673-7813 (S.K.Laing)
susan.laing@arandpartners.com

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and served upon Plaintiff as noted below, on March 15, 2022.

### SERVED VIA EMAIL AND FED EX

Reem Darwish
1 Westbrook Corporate Center, Suite 300
Westchester, IL 60154
reemdarwishjd@gmail.com

___ /s/ Susan K. Laing_____

Susan K. Laing
Anderson, Rasor & Partners, LLP
150 South Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 673-7813 (S.K.Laing)
(312) 673-7800 (Office)
susan.laing@arandpartners.com